UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : No. 25-cr-250 (SLS) |
| DARIOUS PHILLIPS, | : |
| Defendant. | : |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I. Summary of the Plea Agreement

Defendant Darious Phillips (hereinafter, "the defendant") agrees to admit guilt and enter a plea of guilty to Count 1 of the Indictment in 25-cr-250 (SLS), charging him with Unlawful Possession of Firearm / Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.SC. § 922(g)(1).

In this case, the penalty for Count 1 is:

(A)   a term of imprisonment of not more than 15 years' imprisonment;

(B)   a fine not to exceed $250,000;

(C)   a term of supervised release of not more than 3 years; and

(D)   a special assessment of $100.

In exchange, the government will move to dismiss all charges against Defendant Phillips in Superior Court Case No. 2025 CF2 007453.

### II. Elements of the Offenses

The essential elements of Unlawful Possession of Firearm / Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, each of which the Government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) That the defendant knowingly possessed firearm / ammunition;

(2) That the firearm / ammunition had been shipped and transported in interstate commerce;

(3) That, at the time the defendant possessed the firearm / ammunition, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

(4) That, at the time the defendant possessed the firearm / ammunition, the defendant knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

### III. Brief Statement of the Facts

The following statement of facts does not purport to include all of the defendant's illegal conduct or the conduct of his co-conspirators or co-defendants. It also does not purport to be an inclusive recitation of everything that the defendant heard, knew, or witnessed concerning the illegal activities of himself or others. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Had this case gone to trial, the government's evidence would have proved the following beyond a reasonable doubt:

### 25-cr-250 (SLS)

1. At approximately 8:30 p.m., on August 21, 2025, members of the Metropolitan Police Department's Robbery Suppression Unit and other law enforcement agencies were patrolling the 4000 block of South Capitol Street, SW.

2. Law enforcement officers were in marked and unmarked cars. The defendant was walking northbound on South Capitol Street with a woman when he appeared to notice the cars.

He then pulled the woman he was with closer to his person, placed his right hand into his right jacket pocket, and made a downward pushing motion. The defendant then started walking away at a faster pace.

3. When two law enforcement officers got out of their car, the defendant immediately started running northbound on South Capitol Street. As he was running, other law enforcement agents saw the defendant remove a black firearm with an extended magazine and hold it in his right hand while running in the middle of a public sidewalk. He then made a tossing motion and continued to run. Law enforcement officers ultimately stopped him shortly thereafter.

4. Once the defendant was apprehended, law enforcement officers canvassed the flight path where he was observed making the tossing motion. Police recovered the firearm they had just seen the defendant holding and running with in the defendant's flight path approximately two minutes after the pursuit, just feet away from where the defendant had been running.

5. More specifically, the firearm the defendant possessed was a Masterpiece Arms model Mac9, semi-automatic pistol, which was chambered with one round of 9mm ammunition and 18 additional rounds in a high-capacity magazine.

6. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have traveled in interstate commerce prior to being recovered in the District of Columbia.

7. The defendant was previously convicted in D.C. Superior Court of Aggravated Assault while Armed in case no. 2018 CF1 017601, and was sentenced to five years' incarceration, followed by five years of supervised release. The defendant knew that he had a prior conviction for a crime punishable by more than one year of imprisonment.

**2025 CF2 007453**

1. On October 9, 2024, at approximately 9:30 p.m., Sergeants Davies and Decker with MPD responded to a ShotSpotter detection in the area of 504 Lebaum Street SE, Washington D.C. Upon arriving at the location, the sergeants were greeted by two unidentified witnesses who told them "You'll see them further down on the sidewalk, you can't miss them." A separate unidentified witness approached the sergeants' cruiser and said "you can't miss them it's a female with a stroller and a male."

2. The sergeants then turned onto MLK Jr. Ave and near the intersection of MLK Jr. Ave and Mellon Street, at which point they saw a man (Darious Phillips) and a woman (Danielle Snowden) pushing a baby stroller.

3. As the sergeants approached, the defendant separated from Snowden and the baby stroller and walked at a hurried pace in the opposite direction. Before doing so, the defendant handed Snowden a black, Polymer 80, 9mm semiautomatic firearm, with no serial number, loaded with one round of 9mm in the chamber, and seven rounds of 9mm ammunition in the magazine. The defendant had previously, knowingly carried this firearm on his person while walking with Snowden.

4. The sergeants later detained the defendant after he had separated from Snowden. During the defendant's detention, the sergeants patted him down upon obtaining his consent, but did not locate a firearm and subsequently released him.

5. The sergeants also detained Ms. Snowden and, after speaking with her and her denying that the defendant provided her with the firearm, noticed the grip of the firearm in question protruding from her jacket pocket. Upon seeing this, the officers seized the firearm from her pocket. Ms. Snowden later admitted that her child's father – the defendant – had given her the

firearm.

                                                Respectfully Submitted

                                                JEANINE FERRIS PIRRO
                                                United States Attorney

                                     By: /s/
                                                WILL HART
                                                Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of the Government's proffer of evidence relating to my guilty plea. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 11/6/25

Darious Phillips
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page constituting the government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with her fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 11/6/2025

Tezira Abe, Esq.
Attorney for Defendant

6